UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MARYANN EILBACHER, *on behalf
of herself and all others similarly situated*,

    Plaintiff,

v.

BUSINESS REVENUE SYSTEMS, INC.,
*an Indiana Corporation,*

    Defendant.

_____/

## CLASS ACTION COMPLAINT

1.    Plaintiff alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* ("*FDCPA*").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*.

3.    Venue in this District is proper because Plaintiff resides here, and Defendant conducts business in this District.

### PARTIES

4.    Plaintiff, Maryann Eilbacher, ("Plaintiff") is a natural person residing in Saint Lucie County, Florida.

5.    Defendant, Business Revenue Systems, Inc., ("Defendant") is an Indiana Corporation engaged in the business of collecting consumer debts, which operates from offices located at 2419 Spy Run Avenue, Suite A, Fort Wayne, Indiana 46805.

6. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts.

7. Defendant is licensed in the State of Florida as a consumer collection agency, license number CCA0900284.

8. Defendant regularly collects or attempts to collect consumer debts for other parties. Defendant is a "debt collector" as defined by the *FDCPA*.

9. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect a consumer debt from Plaintiff arising from an alleged delinquency on a debt. The debt was incurred primarily for personal, household or family use, more specifically, the debt at issue was a medical debt.

11. On or about April 18, 2018, Defendant mailed Plaintiff a letter seeking payment of the alleged debt. (The "Demand Letter" is attached hereto as "Exhibit 1").

12. The Demand Letter states in part:

> Our Client:           RADIOLOGY IMAGING ASSOCIATES
>
> xxxx
>
> This agency has been retained by RADIOLOGY IMAGING ASSOCIATES to collect your delinquent account balance. Their records indicate you owe the amount listed. Please remit payment in full or call to make arrangements.
>
> Please use the enclosed envelope to send your payment. If you would rather pay online, you may do so as www.brsi.net/paymybill or you may call us at 1-800-947-3030.
>
> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this

> office in writing within thirty (30) days from receiving this notice that the debt or any portion thereof is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

13. The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

14. *15 U.S.C. §1692g(a)* states:

> Validation of debts.
>
> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
>
> **(2) the name of the creditor to whom the debt is owed;**
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added).

15. The Demand Letter does not identify the creditor of the debt.

16. In Florida there are several registered "Radiology Imaging Associates" business entities.

17. "Radiology Imagining Associates" is a fictitious name owned by Treasure Coast Imaging Partners, Inc. of Los Angeles, California.

18. "Radiology Imagining Associates, LLLP" is an active limited partnership registered in Florida.

19. "Radiology Imaging Associates, P.A." is an active corporation registered in Florida.

20. "Radiology Imaging Associates, Basilico, Gallagher and Raffa, M.D., P.A." is an active corporation registered in Florida.

21. In Florida there are no business entities registered as "Radiology Imaging Associates."

22. Defendant does not name the creditor of the debt in the Demand Letter.

23. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

24. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the State of Florida (ii) to whom initial communication letters were mailed, or caused to be mailed (iii) by the Defendant (iv) that did not specify an entity as the creditor and identified Radiology Imaging Associates as the client (v) that were not returned undeliverable by the U.S. Post Office (vi) in an attempt to collect a debt incurred for personal, family, or household purposes

(vii) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

25. Plaintiff alleges on information and belief that Defendant's practice of mailing or causing to be mailed, initial communication letters that did not identify an entity as the creditor and identified Radiology Imaging Associates as the client of the underlying debt in the initial communication letters served upon the Class is so numerous, that joinder of all members of the Class is impractical.

26. There are questions of law or fact common to the Class. The common issues predominate over any issues involving only individual Class members. The common legal and factual issue to each Class member is that each was mailed or caused to be mailed an initial communication letter by Defendant that did not identify any entity as the creditor of the debt as required by *15 U.S.C. § 1692g(a)(2)* and identified Radiology Imaging Associates as the client.

27. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

28. Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

29. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

  (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. Plaintiff requests certification of a Class under *Rule 23(b)(3), of the Federal Rules of Civil Procedure*, for monetary damages; her appointment as Class Representative; and that her attorney, Leo W. Desmond, be appointed Class Counsel.

**COUNT I CLASS CLAIM**
**VIOLATION OF *15 U.S.C. § 1692g(a)***

31. Plaintiff realleges and incorporates Paragraphs 1 through 23.

32. After an initial communication with Plaintiff and the Class, pursuant to *15 U.S.C § 1692g(a)* the Defendant must provide the Plaintiff and the Class with:

  (a) Notice of debt; contents.

  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

  (1) the amount of the debt;

  **(2) the name of the creditor to whom the debt is owed;**

  (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(Emphasis added).

33. Defendant mailed, or caused to be mailed, the Demand Letter to Plaintiff in an attempt to collect a consumer debt, namely to collect a past due balance on a medical debt.

34. Pursuant to the *FDCPA,* the Demand Letter is an initial communication between Defendant and Plaintiff.

35. The Demand Letter indicates it is sent on behalf of "Radiology Imaging Associates."

36. There is no corporate entity in Florida identified as "Radiology Imaging Associates."

37. In Florida there are several registered "Radiology Imaging Associates" business entities.

38. There is one active registered fictitious name "Radiology Imaging Associates" owed by Treasure Coast Imaging Partners, Inc., of Los Angeles, California.

39. "Radiology Imagining Associates, LLLP" is an active limited partnership registered in Florida.

40. "Radiology Imaging Associates, P.A." is an active corporation registered in Florida.

41. "Radiology Imaging Associates, Basilico, Gallagher and Raffa, M.D., P.A." is an active corporation registered in Florida.

42. Defendant's Demand Letter does not identify the creditor of the debt in violation of *15 U.S.C. § 1692g(a)(2).*

43. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k.*

44. As a result of Defendant's conduct Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. § 1692k*.

## COUNT II CLASS CLAIM
## VIOLATION OF *15 U.S.C. § 1692e*

45. Plaintiff re-alleges Paragraphs 1 through 23 and Paragraphs 32 through 42.

46. Pursuant to *15 U.S.C. § 1692g(a)(2)* the Defendant must provide the Plaintiff and the Class with:

> (a) Notice of debt; contents.
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> xxxx
>
> (2) the name of the creditor to whom the debt is owed;

47. *15 U.S.C. § 1692e(10)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

48. Defendant mailed, or caused to be mailed, a Demand Letter to Plaintiff in an attempt to collect a consumer debt, namely to collect the balance owed on a medical debt.

49. The Demand Letter was an initial communication used in the collection of a debt between Defendant and Plaintiff.

50. Defendant's Demand Letter is misleading and false and therefore in violation of *15 U.S.C. § 1692e(10)* as it does not identify the creditor of the debt.

51. The Demand Letter indicates it is sent on behalf of "Radiology Imaging Associates."

52. There is no corporate entity in Florida identified as "Radiology Imaging Associates."

53. In Florida there are several registered "Radiology Imaging Associates" business entities.

54. There is one active registered fictitious name "Radiology Imaging Associates" owed by Treasure Coast Imaging Partners, Inc., of Los Angeles, California.

55. "Radiology Imagining Associates, LLLP" is an active limited partnership registered in Florida.

56. "Radiology Imaging Associates, P.A." is an active corporation registered in Florida.

57. "Radiology Imaging Associates, Basilico, Gallagher and Raffa, M.D., P.A." is an active corporation registered in Florida.

58. Defendant's Demand Letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights as it does not contain the name of the creditor of the debt.

59. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k*.

60. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. § 1692k*.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying the *FDCPA* matter as a Class Action and appointment of Plaintiff as Class Representative;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d. An award of attorney's fees, litigation expenses and costs of the instant suit; and

e. Such other and further relief as the Court deems proper.

Dated: June 29, 2018.

Respectfully submitted,

By:/s/ *Leo W. Desmond*
Leo W. Desmond, Esq.
Florida Bar Number 0041920
Sovathary K. Jacobson, Esq.
Florida Bar Number 102200
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@desmondlawfirm.com
jacobson@desmondlawfirm.com
*Attorneys for Plaintiff*